IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JASON DEAN GALBRAITH,            )
                                 )
        Plaintiff,                )
                                 )
                                 )    CIV-15-277-W
v.                               )
                                 )
GARFIELD COUNTY JAIL, et al.,    )
                                 )
        Defendants.               )

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se* and *in forma pauperis*, filed his initial pleading in this 42 U.S.C. § 1983 action on March 19, 2015. On March 20, 2015, the matter was referred by District Judge West to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff was subsequently granted leave to proceed *in forma pauperis*. After the initial Complaint was found to be deficient under Fed. R. Civ. P. 8, Plaintiff filed an Amended Complaint on June 25, 2015, a Second Amended Complaint on July 22, 2015, and a Third Amended Complaint on August 14, 2015.

The Third Amended Complaint names three Defendants, Ms. Niles, who is identified as a "jail administrator" at the Garfield County Jail in Enid, Oklahoma; Ms. Gay, who is described as a licenced practical nurse at the Garfield County Jail; and Mr. Bolz, who is described as a Garfield County Commissioner. At the time he filed his Third Amended

1

Complaint, Plaintiff was incarcerated at the James Crabtree Correctional Center, Helena, Oklahoma.

Although Plaintiff appears *pro se*, Plaintiff is responsible for having each Defendant served with a summons and the complaint. See Fed. R. Civ. P. 4(c)(1); see also DeCesare v. Stuart, 12 F.3d 973, 980 (10th Cir. 1993)(stating that even though plaintiff was *pro se*, he was "obligated to follow the requirements of Fed.R.Civ.P. 4").

On August 17, 2015, Plaintiff was ordered to furnish within twenty (20) days sufficient copies of the Complaint and the necessary service papers to the Clerk of the Court for processing and issuance. At the time Plaintiff filed his pleadings and also at the time the Order Requiring Service and Special Report was entered, Rule 4(m) provided that if "service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice." Effective December 1, 2015, Rule 4(m) was amended to require that service of process upon a defendant be completed within ninety (90) days of the filing date. Because Plaintiff's cause of action was commenced prior to that date, Plaintiff has been given the benefit of the previous version of Rule 4(m).

Plaintiff was advised in the Order entered August 17, 2015 (Doc. # 30), that proof of service was his responsibility and must be completed within 120 days from the date of the Order pursuant to the former version of Fed. R. Civ. P. 4(m).

To this date, Plaintiff has not complied with the Order Requiring Service and Special Report. In a letter addressed to the Clerk of the Court filed August 31, 2015, Plaintiff

requested that the Court Clerk provide the necessary copies of the complaint for service. However, the Clerk of the Court is not responsible for providing free photocopies of pleadings for any litigant. The Clerk placed the letter in the court file, along with the copies of the Order Requiring Service and Special Report and the Certificate of Service forms included with Plaintiff's letter. The Clerk did not issue summonses in this case because Plaintiff failed to provide the necessary copies of the Complaint, the Order Requiring Service and Special Report, and summons papers to the Clerk of the Court for processing and issuance.[1] Plaintiff has not requested an extension of time to comply with the Court's Order entered August 17, 2015, and Plaintiff has made no further effort to comply with the directives regarding service set forth in the Order Requiring Service and Special Report.

Both the previous and the current versions of Rule 4(m) provide that the court may extend the time for service if the plaintiff shows "good cause" for the failure to timely serve the defendant. See Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995)("If good cause is shown, the plaintiff is entitled to a mandatory extension of time.").

Plaintiff was notified in an Order entered December 22, 2015, that the undersigned would recommend the dismissal of this action without prejudice unless Plaintiff showed good cause by January 11, 2016, for his failure to provide proof of timely service upon Defendants. To this date, Plaintiff has not responded to the show cause Order, and he has not shown good cause for his failure to effect timely service of process in this action.

---

[1] Plaintiff submitted to the Clerk of the Court three "certificate of service" forms that fail to demonstrate proof of service on any Defendant as required by Fed. R. Civ. P. 4.

The finding that Plaintiff has not demonstrated good cause for a mandatory extension of time to effect service does not end the Court's inquiry. "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." Id. at 841. A permissive extension of time may be warranted "if the applicable statute of limitations would bar the refiled action" or where "policy considerations might weigh in favor of granting a permissive extension of time." Id. at 842 (quotation and citation omitted).

In this case, the applicable statute of limitations governing Plaintiff's § 1983 claims is two years. See Meade v. Grubbs, 841 F.2d 1512, 1524 (10th Cir. 1988). The allegations in the Third Amended Complaint involve the actions and inactions of Defendants for a period of time between February 4, 2015 and May 7, 2015, as alleged on pages one and four of the Third Amended Complaint. The applicable statute of limitations has not expired as to these claims. Thus, a permissive extension of time to effect service is not warranted, and there are no other policy considerations that would warrant granting Plaintiff an extension of time to serve Defendants.

Therefore, the cause of action should be dismissed without prejudice for failure to timely serve Defendants and failure to prosecute. See Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1162 (10th Cir. 2007)(holding where the dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures").

4

RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED WITHOUT PREJUDICE for failure to timely serve the Defendants with process and failure to prosecute. Plaintiff is advised of the right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by  February 10th, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  21st  day of  January , 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE