IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

JASON DEAN GALBRAITH, )
)
Plaintiff, )
)
vs. ) No. CIV-15-277-W
)
GARFIELD COUNTY JAIL et al., )
)
Defendants. )

## ORDER

On April 8, 2015, United States Magistrate Judge Gary M. Purcell, to whom this matter had been referred, found the complaint filed on March 19, 2015, by plaintiff Jason Dean Galbraith, proceeding pro se, was deficient under Rule 8(a), F.R.Civ.P. See Doc. 12. Magistrate Judge Purcell described Galbraith's pleading as "a mish-mash of allegations with insufficient information concerning dates, times, and participants," id. at 4, and he directed Galbraith to file an amended complaint.

Galbraith failed to do so, and on May 14, 2015, Magistrate Judge Purcell issued a Report and Recommendation and recommended that the action be dismissed without prejudice to refiling. See Doc. 17. The matter came before the Court on Galbraith's objection, see Doc. 19; Galbraith complained that he had been denied access to a law library and that he needed additional time to file an amended complaint.

The Court reviewed the record and agreed with Magistrate Judge Purcell's finding that Galbraith's complaint failed to comply with Rule 8(a), supra; the Court further agreed that Galbraith had been less than diligent in prosecuting this action. Accordingly, the Court on June 1, 2015, adopted the Report and Recommendation to that extent, but rather than

dismiss the action without prejudice, the Court granted Galbraith an extension of time to file his amended complaint. See Doc. 20. The Court advised Galbraith that his amended pleading should comply with Rule 8(a), supra, as well as Magistrate Judge Purcell's Order issued on April 8, 2015. The Court further cautioned Galbraith that his failure to comply with the Court's Order, Magistrate Judge Purcell's Order and/or Rule 8(a), supra, would result in dismissal of this action without prejudice.

On June 25, 2015, the Court received a two (2)-page document from Galbraith entitled "Amended Complaint," see Doc. 23, and sixteen (16) pages of exhibits. See Doc. 23-1. Galbraith alleged in that document numerous deprivations stemming from the conditions of his confinement; he repeated some of his allegations against the Garfield County Medical Staff and Vanessa Gay found in his original complaint, and he attempted to assert claims against Jennifer Niles for failure to grant him access to the Garfield County Law Library and against Garfield County for defamation.

Galbraith's pleading also mentioned "Deputy Sheriff Chase," who allegedly had been "verbally notified [that Galbraith] . . . need[ed] mental health treatment and follow-up treatments," Doc. 23 at 2, and Staff Sergeant John Marcus, a Garfield County Jail Supervisor, who had been given Galbraith's medical records. See id. Because Galbraith had not set forth his amended allegations on the form approved for use by inmates in this judicial district, it was difficult to determine the identities of the named defendants or understand the allegations against them.

The Court decided to give Galbraith one last opportunity to cure the deficiencies found by Magistrate Judge Purcell in April 2015, see Doc. 12 at 4; on June 29, 2015, the Court directed the Clerk of the Court to mail to Galbraith the court-approved form for use

by pro se plaintiffs seeking relief under title 42, section 1983 of the United States Code. See Doc. 24. The Court instructed Galbraith to return the form for filing and reminded him of his obligation to identify on that form each defendant against whom he sought relief.[1]

On August 14, 2015, the Court received a form Galbraith had completed. In that document, dated July 31, 2015, Galbraith identified three defendants–Jennifer Niles, Vanessa Gay and Marc Bolz, and he attempted to state as to each defendant, inter alia, what each defendant had done to him. See Doc. 28.

On August 17, 2015, the Court re-referred the matter to Magistrate Judge Purcell for further proceedings, see Doc. 29, and that same date, Magistrate Judge Purcell directed the defendants to file a Special Report sixty (60) days from the date of service of process. See Doc. 30. The parties were told that

> [a] copy of [Magistrate Judge Purcell's] . . . Order, the Complaint [file-stamped August 14, 2015], and a Summons [would] . . . be served on each [d]efendant in accordance with the Federal Rules of Civil Procedure.

Doc. 30 at 2, ¶ (6). The parties were further advised that

> service [however would] . . . not be effected until the necessary service papers ha[d] been completed by [Galbraith] . . . and furnished, together with copies of the Complaint, . . . to the Clerk . . . for processing and issuance.

Id. (emphasis deleted). Finally, the parties were instructed that

---

[1] Shortly after the Court's Order was issued and mailed, Galbraith filed a Notice of Change of Address. See Doc. 25. Under the circumstances, the Court found that Galbraith should be given an extension of time to comply and directed the Clerk to mail to Galbraith at the correctional center in which he was then incarcerated a copy of the Court's Orders dated June 29, 2015, and July 22, 2015, as well as a copy of the court-approved form. See Doc. 26.

3

> [p]roof of service . . . [was Galbraith's] responsibility and [that service] must be completed [within] 120 days² . . . [and that Galbraith's] failure to timely file proof of service could result in dismissal of the action.

Id. (citation omitted).

Galbraith, by letter dated August 21, 2015, and addressed to the Clerk, acknowledged that Magistrate Judge Purcell had told him "to compile copies of the complaint," Doc. 31 at 1, but he reported that he (Galbraith) had "mailed to the court the original complaint without making any copies . . . ." Id. He asked the Clerk to give him "the ordered number of complaints . . . ." Id. The Clerk took no action in response to Galbraith's request, and Galbraith, himself, took no further steps to secure copies of his complaint.

In an Order issued on December 22, 2105, Magistrate Judge Purcell correctly informed Galbraith that the Clerk was "not responsible for providing free photocopies of pleadings for any litigant," Doc. 33 at 2, and that the Clerk had "not issue[d] summonses in this case because [Galbraith had] . . . failed to provide [the Clerk not only] the necessary copies of the Complaint, [but also the necessary copies of] the Order Requiring Service and Special Report, and summons papers . . . for processing and issuance." Id. (footnote omitted). Magistrate Judge Purcell forewarned Galbraith that it was his "intention to recommend the dismissal of this action without prejudice unless [Galbraith] . . . show[ed] good cause for his failure to serve [the] [d]efendants . . . ." Id. at 2-3. Galbraith took no action in response to this Order.

---

²Effective December 1, 2015, Rule 4(m), F.R.Civ.P., was amended to require service of process to be completed within ninety (90) days of the date of the complaint.

Accordingly, on January 21, 2016, Magistrate Judge Purcell issued a Supplemental Report and Recommendation, wherein he recited the procedural history of this case and recommended that this matter be dismissed without prejudice for failure to timely serve the defendants and for failure to prosecute. See Doc. 34. Galbraith was advised of his right to object, and the matter now comes before the Court on Galbraith's objection. See Doc. 35.

Upon de novo review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of this matter. Galbraith has neither served the defendants, nor shown good cause for his failure to do so. Despite Magistrate Judge Purcell's clear directives and explanations, Galbraith has contended that he did "not know[ ] that . . . [he was] responsible for mailing copies of the complaint[.]" Doc. 35. He has again asked the Court to mail him "a copy of the original complaint," id., and has requested an extension to perfect service.

Like all litigants, Galbraith is obligated to comply with court orders and procedural rules, including Rule 4, F.R.Civ.P., regarding service. Galbraith had been apprised of the potential for dismissal as a consequence of his failure to act, but despite these warnings, he took no steps to obtain copies of his complaint after his letter dated August 21, 2015, and took no action in response to Magistrate Judge Purcell's Order issued on December 22, 2015. Galbraith's inaction has hindered the expeditious resolution of this matter on the merits, and because he has failed to prosecute this case with due diligence and because he has neither shown good cause for the lack of service, nor shown that a permissive extension of time to effect service is warranted, the Court in its discretion

(1) ADOPTS the Supplemental Report and Recommendation [Doc. 34] filed on January 21, 2016; and

(2) DISMISSES this matter without prejudice to refiling.

ENTERED this 3rd day of February, 2016.

LEE R. WEST
UNITED STATES DISTRICT JUDGE